**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | | |
|---|---|---|
| DOMINQUE WOODALL, | : | |
| | : | Civ. Action No. 17-1286 (RMB) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| | : | |
| WARDEN GERALDINE COHEN, | : | |
| *et al.*, | : | |
| | : | |
| Defendants. | : | |
| | : | |

**BUMB**, District Judge:

Plaintiff Dominique Woodall, an inmate confined in Atlantic County Justice Facility ("ACJF"), in Atlantic City, New Jersey, filed a civil rights action under 42 U.S.C. § 1983 on February 23, 2017. (Compl., ECF No. 1.) Plaintiff seeks to proceed without prepayment of fees ("in forma pauperis" or "IFP") under 28 U.S.C. § 1915(a). (IFP App., ECF No. 1-2.) Plaintiff has filed a properly completed IFP application, establishing her financial eligibility to proceed in forma pauperis, and her application will be granted.

The Court must review the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B); 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a

1

claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

I. STANDARDS FOR A SUA SPONTE DISMISSAL

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quoting Twombly, 550 U.S. at 556.)

"[A] court must accept as true all of the allegations contained in a complaint." Id. A court need not accept legal conclusions as true. Id. Legal conclusions, together with threadbare recitals of the elements of a cause of action, do not suffice to state a claim. Id. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Id. If a complaint can

2

be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002). A court must liberally construe a pro se complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

II. DISCUSSION

A. The Complaint

Plaintiff alleges the following facts in her Complaint. She has been incarcerated in Atlantic County Justice Facility for twenty months. (Compl., ECF No. 1 at 5.) The facility does not furnish cleaning supplies. (Id. at 4.) The kitchen serves cold leftovers most of the time. (Id.) The portions of food are not adequate, and objects are found in the food. (Id.) Rooms designed for one person are crowded with three or four people, creating physical hazards such as getting cut on sharp edges of the beds and bumping heads. (Id.) The showers have black mold and mildew, which is painted over. (Id.) Most inmates complain of dizziness or stomach sickness after showering. (Id.)

The canteen engages in price gouging. (Id.) Inmates are charged rent, and medical and dental copays. (Id.) Inmates do not receive proper medical screening, evaluation or timely treatment. (Id.) Recreation time and visits are denied due to

lack of manpower. (Id.) There is no law library; inmates may only request legal material. (Id.)

B. <u>Section 1983 claims</u>

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

1. <u>Fourteenth Amendment Conditions of Confinement Claim</u>

For purposes of screening the Complaint under §§ 1915, 1915A, the Court will assume Plaintiff is a pretrial detainee. "[U]nder the Due Process Clause, [of the Fourteenth Amendment] a

detainee may not be punished prior to an adjudication of guilt in accordance with due process of law." Bell v. Wolfish, 441 U.S. 520, 535–36 (1979) (citations omitted). "[I]f a restriction or condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees qua detainees." Id. at 539. Furthermore, when a restriction is excessive in light of a legitimate non-punitive purpose, it amounts to punishment under the Due Process Clause. Stevenson v. Carroll, 495 F.3d 63, 68 (3d Cir. 2012) (quoting Rapier v. Harris, 172 F.3d 999, 1005 (7th Cir. 1999)).

In evaluating a pretrial detainee's claim of unconstitutional punishment, courts must examine the totality of the circumstances within the institution. Id. (citing Hubbard v. Taylor, 399 F.3d 150 (3d Cir. 2005)).

> In determining whether restrictions or conditions are reasonably related to the Government's interest in maintaining security and order and operating the institution in a manageable fashion, courts must heed our warning that such considerations are peculiarly within the province and professional expertise of corrections officials, and, in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters.

5

*Bell*, 441 U.S. at 540, n.23 (citations omitted). The first question courts must ask is whether any legitimate purposes are served by the conditions. <u>Hubbard</u>, 538 F.3d at 232 (citing <u>Union County Jail Inmates v. DiBuono</u>, 713 F.2d 984, 992 (3d Cir. 1983)). Second, courts must ask whether the conditions are rationally related to legitimate purposes. <u>Id.</u>

Plaintiff has alleged a totality of circumstances within the Atlantic County Justice Facility which may constitute punishment under the Fourteenth Amendment. The claim may proceed.             2.   <u>Access to Courts Claim</u>

Prisoners have a right of access to the Courts under the First and Fourteenth Amendments. <u>Bounds v. Smith</u>, 430 U.S. 817, 821 (1977). However, there is no "freestanding right to a law library or legal assistance." <u>Lewis v. Casey</u>, 518 U.S. 343, 351 (1996). An adequate law library is only one of many acceptable ways to satisfy the right of access to courts. <u>Diaz v. Holder</u>, 532 F. App'x 61, 63 (3d Cir. 2013.) For example, the right can be satisfied by appointing an attorney or providing the assistance of paralegals. <u>Id.</u>

To state a claim, an inmate must show the alleged shortcomings in the library or legal assistance program "hindered his efforts to pursue a legal claim." <u>Casey</u>, 518 U.S. at 351. Thus, there is an actual injury requirement for a right of access to courts claim. <u>Id.</u> Examples of actual injuries

include dismissal of a complaint or the inability to bring a complaint due to inadequacies of the law library. Id.

> Where prisoners assert that defendants' actions have inhibited their opportunity to present a past legal claim, they must show (1) that they suffered an 'actual injury'- that they lost a chance to pursue a 'nonfrivolous' or 'arguable' underlying claim; and (2) that they have no other 'remedy' that may be awarded as recompense' for the lost claim other than in the present denial of access suit.

Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008) (citing Christopher v. Harbury, 536 U.S. 403, 415 (2002)).

Plaintiff's claim fails because it assumes there is a freestanding right to independent access to a physical law library. There is not. Furthermore, Plaintiff has not pled an injury caused by the inadequacy of legal assistance at ACJF. This claim will be dismissed without prejudice.

    3. <u>Personal Involvement in a Constitutional Violation</u>

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the personal involvement of each defendant, sued in his or her individual capacity, in a constitutional violation. Iqbal, 556 U.S. at 676. Here, Plaintiff alleges Warden Geraldine Cohen condones the conditions in the Atlantic County Justice Facility. (Compl., ECF No. 1, ¶3(b)). Allegations of a supervisor's knowledge of and acquiescence in a constitutional

7

violation are sufficient to state a § 1983 claim against a supervisory official. Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005) (citation omitted). Therefore, Plaintiff's claim against Warden Cohen, in her individual capacity, may proceed. Plaintiff has not alleged the personal involvement in creating or maintaining the conditions of confinement in ACJF by Defendants Cheryl DeBoise, Dennis Levison, or Frank Formica, in their individual capacities. Therefore, the claims against Defendants Cheryl DeBoise, Dennis Levison and Frank Formica in their individual capacities are dismissed without prejudice.

    4. Municipal Liability

Plaintiff has named the "County Freeholders" as a defendant in this action. For purposes of this Opinion, the Court construes this claim against the Board of Chosen Freeholders of Atlantic County. In § 1983 cases, municipalities may not be held vicariously liable for the actions of their employees. Monell v. Department of Social Servs. Of City of N.Y., 436 U.S. 658, 691-94 (1978) ("a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.") Municipalities may be liable when they have in place a policy or custom that directly caused a constitutional violation. Id. at 694.

For purposes of municipal liability, the Third Circuit defines "policy" and "custom" as follows:

> A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." *Kneipp v. Tedder*, 95 F.3d 1199, 1212 (3d Cir.1996) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 481 (1986) (plurality opinion)). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." [*Bd. of County Com'rs of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997)].

<u>Natale v. Camden Cnty. Corr. Facility</u>, 318 F.3d 575, 584 (3d Cir. 2003).

Plaintiff has not alleged that any of the conditions in the ACJF, individually or as a whole, result from a policy or custom of the county. The claim(s) against the Board of Chosen Freeholders of Atlantic County will be dismissed without prejudice.

III. CONCLUSION

For the reasons discussed above, the Court grants Plaintiff's IFP application and proceeds Plaintiff's Fourteenth Amendment claim against Warden Geraldine Cohen in her individual capacity, and dismisses the remainder of the complaint without prejudice.

An appropriate order follows.

s/Renée Marie Bumb
RENÉE MARIE BUMB
United States District Judge

Dated: <u>April 10, 2017</u>