**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| DOMINIQUE WOODALL,<br><br>           Plaintiff<br>   v.<br><br>GERALDINE COHEN,<br><br>           Defendant | Civ. No. 17-1286 (RMB)<br><br>**OPINION** |

Appearances:

Dominique Woodall
Mountainview Youth Correctional Facility
31 Petticoat Lane
Annandale, NJ 08801
    Plaintiff, *pro se*

James T. Dugan, Esq.
Atlantic County Department of Law
1333 Atlantic Avenue, 8th Floor
Atlantic City, NJ 08401
    On behalf of Defendant

**BUMB, District Judge**

    This matter comes before the Court upon Defendant Geraldine Cohen's motion for summary judgment and supporting documents. ("Def's Mot. for Summ. J.", ECF No. 17; "Def's Brief in Support of Mot. for Summ. J.", ECF No. 17-1; "Def's Statement of Material Facts Not in Dispute", ECF No. 17-1 at 7-10; and Def's Exhibits, ECF Nos 17-2 through 17-15.) Plaintiff Dominique Woodall did not submit an opposition brief or a Statement of Material Facts in

Dispute but he submitted a number of exhibits, which this Court construes as Plaintiff's attempt to make a showing of disputed material facts.[1] The Court will decide the motion on the record, without an oral hearing, pursuant to Federal Rule of Civil Procedure 78(b).

I.  BACKGROUND

Upon screening Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2)(B), § 1915A(b), the Court permitted Plaintiff's Fourteenth Amendment inadequate medical care and unconstitutional conditions of confinement claims to proceed against Warden Geraldine Cohen. (Opinion and Order, ECF Nos. 1 and 2.) Defendant brings this motion for summary judgment on Plaintiff's civil rights complaint under 42 U.S.C. § 1983, on the bases that: (1) Plaintiff

---

[1] On October 18, 2017, counsel for Defendant submitted a certificate of service stating he served Defendant's summary judgment motion and documents in support thereof on Plaintiff at Garden State Youth Correctional Facility via regular U.S. mail and certified mail return receipt requested. (Certificate of Service, ECF No. 17-15.) Using the U.S. Postal Service tracking number provided, the Court was unable to verify that the mail was delivered. On December 18, 2017, the Court received a number of documents from Plaintiff. (Pl's Exhibits, ECF No. 18.) The return address on the envelope containing Plaintiff's exhibits shows that he mailed the exhibits from Talbot Hall in Kearney, New Jersey. Plaintiff had not otherwise updated his address with the Court, as required by Local Civil Rule 10.1. It is unclear when Plaintiff transferred from Garden State to Talbot Hall. The Court assumes Plaintiff was served with Defendant's summary judgment motion and supporting documents. However, because the Court cannot verify Plaintiff was served, dismissal of the action is without prejudice, and the action may be reopened within 30 days if Plaintiff establishes he was not served with the summary judgment motion.

failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA") 42 U.S.C. § 1997e(a); Plaintiff's claims are based on an impermissible theory of respondeat superior; (3) Plaintiff failed to prove the existence of a genuine issue of material fact that the conditions of his confinement amounted to punishment so as to violate his constitutional rights; (4) there is no evidence that the conditions of confinement amounted to punishment or a deprivation of life's necessities; (5) Defendant was not deliberately indifferent to Plaintiff's medical needs; and (6) Defendant is entitled to qualified immunity. (Def's Brief in Supp. of Mot., ECF No. 17-1.)  The Court need only reach the preliminary issue of PLRA exhaustion.

III. DISCUSSION

    A.   <u>Summary Judgment Standard</u>

Summary Judgment is proper where the moving party "shows that there is no genuine dispute as to any material fact," and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); <u>U.S. ex rel. Kosenske v. Carlisle HMA, Inc.</u>, 554 F.3d 88, 94 (3d Cir. 2009). The moving party must demonstrate there is no genuine issue of material fact, and then the burden shifts to the nonmoving party to present evidence to the contrary. <u>Josey v. John R. Hollingsworth Corp.</u>, 996 F.2d 632, 637 (3d Cir. 1993) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)).

A party asserting that a fact is or is not genuinely disputed must support the assertion by citing materials in the record, including depositions, documents, affidavits or declarations or other materials. Fed. R. Civ. P. 56(c)(1). "An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). "At the summary judgment stage, facts must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380 (3d Cir. 2007) (citing Fed. Rule Civ. Proc. 56(c)).

    B.   PLRA Exhaustion Requirement

42 U.S.C. § 1997e(a), enacted as part of the Prison Litigation Reform Act ("PLRA"), provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Under § 1997e(a), "an inmate is required to exhaust those, but only those, grievance procedures that are [available]," in other words, "grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" Ross v. Blake, 136 S. Ct. 1850, 1859 (2016) (quoting Booth v. Churner, 532 U.S. 731, 738 (2001)). The PLRA's

exhaustion requirement "applies to a grievance procedure described in an inmate handbook but not formally adopted by a state administrative agency." Concepcion v. Morton, 306 F.3d 1347, 1348-49 (3d Cir. 20002).

Exhaustion under this provision is mandatory. Woodford v. Ngo, 548 U.S. 81, 85 (2006) (citing Booth, 532 U.S. at 739). This mandatory exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

Furthermore, the provision requires "proper exhaustion." Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. "The exhaustion requirement includes a procedural-default component, and a prisoner must comply with the prison grievance procedures to properly exhaust his claims." Veasey v. Fisher, 307 F. App'x 614, 616 (3d Cir. 2009) (citing Spruill v. Gillis, 372 F.3d 218, 230-31 (3d Cir. 2004.))

Failure to exhaust is an affirmative defense that must be proved by a defendant. Shumanis v. Lehigh County, 675 F. App'x 145, 147 (3d Cir. 2017) (citing Jones v. Bock, 549 U.S. 199, 216, (2007); Ray v. Kertes, 285 F.3d 287, 295 (3d Cir. 2002)). PLRA

5

exhaustion is a question of law to be determined by a judge. <u>Drippe v. Tobelinski</u>, 604 F.3d 778, 782 (3d Cir. 2010)).

    C.    <u>The ACJF Administrative Remedy Program</u>

In support of her motion for summary judgment, Defendant submitted a statement of undisputed material facts. (ECF No. 17-1 at 7-10.) Defendant stated:

> The ACJF's Inmate Handbook provides administrative remedies for inmates to resolve problems or concerns in the facility. Initially, an inmate will file an Inmate Resolution Form with his request/complaint. If the Inmate Resolution Form does not satisfy the inmate's concerns, he is to file an inmate grievance.

(<u>Id.</u>, ¶7 (citing Inmate Handbook, Ex. A, ECF No. 17-2.)) Defendant also submitted a copy of Plaintiff's Inmate Property Record, dated July 17, 2015, indicating his property included a "Rule Book" provided by the Institution. (Inmate Property Record, Ex. K, ECF No. 17-12.)

The Inmate Handbook describes ACJF's administrative remedy program. (Inmate Handbook, Ex. A, ECF No. 17-2 at 21-22.) The first step is for an inmate to submit an inmate resolution form through the Chain of Command (i.e.: Officer, Lieutenant, Shift Commander). (<u>Id.</u> at 21.) When these attempts at resolution have been exhausted without success, the matter can be formally grieved to the Warden/Director's Office on a grievance form that can be obtained

"from the Lieutenant after the final step of the resolution form." (Id.)

The following matters may not be grieved: matters out of the control of the facility (probation, parole, sentences, court)"; disciplinary matters taken against a grieving inmate or any other inmates; and housing assignments and classification status. (Inmate Handbook, Ex. A, ECF No. 17-2 at 21.) Inmates must file a grievance within ten work days from the date of the last step of the resolution form. (Id.) The Director/Warden has fifteen work days from the date of the receipt of the complaint to render a decision. (Id.)

D. Analysis

Defendant argues she is entitled to summary judgment based on Plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e(a). In support of this claim, Defendant submits that Plaintiff received the Inmate Handbook containing the prison grievance procedure when he was admitted to ACJF. (Inmate Handbook, Ex. A, ECF No. 17-2; Inmate Property Record, Ex. K, ECF No. 17-12.) During his 20-month period of incarceration, Plaintiff submitted multiple Inmate Resolution Forms but none of those forms contained the complaints raised in his civil rights action: lack of cleaning supplies; the kitchen serving cold leftovers; overcrowding; physical hazards in the cell; mold in the showers; canteen price gouging; inmate housing fees; medical and dental co-

7

pays; medical evaluation; visitation and recreation privileges or complaints about the law library. (Def's Statement of Undisputed Material Facts, ECF No. 17-1 at ¶¶27-28; and Certification of Geraldine Cohen, Exhibit J, ECF No. 17-11.) Plaintiff never filed a single grievance form during his 20-month period of incarceration. (Id., ¶29; and Certification of Geraldine Cohen, Exhibit J, ECF No. 17-11.)

Defendant also submitted a deposition transcript for Plaintiff's deposition taken on September 6, 2017. (Deposition of Dominque Woodall ("Woodall Dep.,") Ex. B, ECF No. 17-3.) Plaintiff admitted to the following: (1) that he never wrote an Inmate Resolution Form concerning overcrowding;[2] (2) that he never filed a grievance after receiving an unsatisfactory response to an Inmate Resolution Form;[3] (3) that he never filed an Inmate Resolution Form or a grievance form regarding canteen price gouging;[4] (4) that he never filed an Inmate Resolution Form concerning rent, medical co-pays or dental co-pays;[5] (5) that he never filed an Inmate Resolution Form concerning medical screening.[6]

Plaintiff did not submit an opposition brief or a Statement of Disputed Material Facts. Plaintiff, however, submitted the

---

[2] (Woodall Dep., Ex. B, ECF No. 17-3 at T63 10-18).
[3] (Id.)
[4] (Id. at T64 12-16).
[5] (Id. at T65 5-8).
[6] (Id. at T66 7-9).

following:  a Public Defender Application Form that he completed on October 18, 2017; eighteen Sick Call/Co-Payment Charge Sheets, wherein he requested medical care for various ailments; an Inmate Request Form asking for a copy of the Bill of Rights; four Inmate Request Forms asking about entries in his financial account, including deposits and co-payments deducted; an Inmate Request Form asking for more food; three Inmate Request Forms asking to participate in a drug rehabilitation program; an Inmate Request Form asking for news from his Case Worker; an Inmate Request Form asking for help signing up for drug court; and an Appeal of Inmate Disciplinary Decision, dated October 16, 2016. (Pl's Exhibits, ECF No. 18.)

None of these documents create an issue of disputed material fact over Plaintiff's failure to exhaust ACJF's prison grievance process. There are no exhibits showing Plaintiff brought any of his complaints regarding his medical treatment, his co-pays, or any other condition of confinement alleged in his complaint to violate the Constitution through the final level of the prison grievance process, a formal grievance to the Warden/Director's Office.

Federal Rule of Civil Procedure 56(e) provides:

> If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may:

9

>    (1) give an opportunity to properly support or address the fact;
>
>    (2) consider the fact undisputed for purposes of the motion;
>
>    (3) grant summary judgment if the motion and supporting materials--including the facts considered undisputed--show that the movant is entitled to it; or
>
>    (4) issue any other appropriate order.

Defendant has shown that there is no genuine dispute that ACJF has an administrative remedy program and Plaintiff failed to exhaust his remedies under that program before filing his prisoner civil rights complaint. Therefore, Defendant is entitled to summary judgment on Plaintiff's failure to exhaust under 42 U.S.C. § 1997e(a). Dismissal of this action is without prejudice. If Plaintiff comes forward, within 30 days of the date of this decision, and establishes that he never received Defendant's summary judgment motion, the case may be reopened and summary judgment reconsidered. See supra note 1.

IV. CONCLUSION

For the reasons discussed above, Defendant's motion for summary judgment is granted.

An appropriate order follows.

DATE: May 9, 2018

                                        s/Renée Marie Bumb_____
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**